**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

KNOWLEDGE BASED SOLUTIONS, INC.,
d/b/a Genworks,
d/b/a Genworks International,
d/b/a KBS International,

Plaintiff,

v.

REINIER VAN DIJK

Defendant.

Case No.:

**COMPLAINT**

(Jury Trial Demanded)

**COMPLAINT**

The Plaintiff, Knowledge Based Solutions, Inc., doing business as Genworks, Genworks International, and KBS International (collectively "**Genworks**") states as follows in its Complaint against the Defendant, Mr. Reinier van Dijk (the "**Defendant**"):

**NATURE OF ACTION**

1. This Complaint is an action of the following claims by Genworks against the Defendant:

A. Copyright infringement under 17 U.S.C. §101, *et seq.,* by Genworks against the Defendant for infringement of U.S. Copyright Registration Number TX0007456029 (the "**Registration**"). Evidence of the Registration is attached as **Exhibit A**. The Registration pertains to the GDL Genworks software (the "**GDL Software**") that is described in the website printout attached as **Exhibit B**.

B. Breach of various contracts between Genworks and the Defendant,

including the "Genworks Software License Agreement" (the "**SLA**"), the "Genworks Non-Disclosure/Non-Compete Agreement" (the "**NCA**"), the open source contract titled "GNU Affero General Public License, Version 3" (the "**AGPL**"), and the "Contributor Agreement" (the "**CA**"). The SLA, NCA, AGPL, and CA are referred to collectively as the "**Contracts**". A true and accurate copy of the SLA is attached as **Exhibit C**. A true and accurate copy of the NCA is attached as **Exhibit D**. A true and accurate copy of the AGPL is attached as **Exhibit E**. A true and accurate copy of the CA is attached as **Exhibit F**. The GDL Software is distributed through proprietary licenses ("**Proprietary GDL**") such as the SLA attached as **Exhibit C** as well as through open source licenses ("**Open Source GDL**") such as the AGPL attached as **Exhibit E**.

C. Tortious interference by Defendant with respect to respect to activities conducted individually by Defendant and through his new business entity named ParaPy B.V. ("**ParaPy**"), an entity founded and owned by Defendant (see **Exhibits G** and **H**) using code components developed as a result of Defendant's breach of the Contracts and of Defendant's infringement of the copyrights in the GDL Software owned by Genworks (see **Exhibit I**). All of ParaPy's customers, such as the Technical University of Delft (the "**University**"), Fokker Aerostructures, Fokker Elmo, and any other customer of Defendant's ParaPy software are the result of the tortious interference of Defendant with respect to the customers and/or business relationships of Genworks. Defendant has also induced several individuals associated with the University to breach the SLA (**Exhibit C**) between Genworks and TU Delft. Defendant is misusing the technology of Genworks to compete against Genworks. Defendant is purposefully using the technology of Genworks to develop business for ParaPy, as indicated by the upcoming

Aero-Space Conference & Expo in the United States (see **Exhibit H**).

D. Promissory estoppel of Defendant in making certain representations to Genworks in order to induce Genworks to provide access to its technology in reliance upon those promises. Those representations were made in the form of the Contracts (see **Exhibits C-F)**, as well as non-written communications between Genworks and the Defendant. Defendant subsequently ignored those representations which were preconditions to his obtaining access to the GDL Software.

C. Unjust enrichment of the Defendant by the use of technology developed by Genworks that is only made available by Genworks to others under specific use limitations.

D. Unfair competition by the Defendant through the use of technology and terminology developed by Genworks that are only made available by Genworks to others under specific use limitations.

E. Trade secret misappropriation by Defendant through the misuse of technology and confidential information shared by Genworks. The disclosed technology and information is of real economic value, and Genworks takes substantial efforts to preserve the confidentiality of such technology and information.

**PARTIES**

2. The parties to this litigation are as follows:

A. Genworks is a Michigan corporation with its principle place of business at 255 E. Brown Street, Suite 310 in Birmingham, Michigan 48009.

B. Upon information and belief, Defendant is an individual residing in the Netherlands. Upon information and belief, Defendant is conducting business as the CEO and Founder of ParaPy (see **Exhibit H**). ParaPy is identifiable by the Chamber of Commerce Number 65859812. ParaPy has a listed address of Leehoeve 34 in the province of South-Holland at zip code 2614MH DELFT in the Netherlands (see **Exhibit G**).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims raised in this Complaint against the Defendant.

A. This Court has subject matter jurisdiction over the copyright infringement claims under 17 U.S.C. §101, *et seq*.

B. This Court has subject matter jurisdiction over all non-copyright claims in the Complaint pursuant to 28 U.S.C. §1367.

C. This Court has also has subject matter jurisdiction over all non-copyright claims in the Complaint pursuant to 28 U.S.C. §1332.

4. This Court has personal jurisdiction over the Defendant.

A. The intellectual property rights embodied in the GDL Software were created and managed within the Eastern District of Michigan.

B. Defendant has purposely availed himself to intellectual property rights originating from and managed in the Eastern District of Michigan.

C. Defendant has purposely availed himself to certain contractual rights originating from and managed within the Eastern District of Michigan. Section 10 of the SLA attached as **Exhibit C**, Section 5 of the NCA attached as **Exhibit D**, and Section 5 of the CA attached as **Exhibit F** each include a choice of law provision in which Michigan law shall govern any and all disputes.

D. Defendant has repeatedly interacted with Genworks while Genworks was conducting business within the Eastern District of Michigan.

E. Defendant has publicly posted comments on the Internet about the subject matter of the Contracts and the Registration. The forum for those comments is operated within the Eastern District of Michigan. A true and accurate copy of those comments are attached as **Exhibit I**.

F. Defendant is actively conducting business in the United States by presenting at a seminar as a "CEO" of "ParaPy B.V." as illustrated in **Exhibit H**.

F. This Court has personal jurisdiction over the Defendant pursuant to M.C.L. § 600.705.

5. This Court is the proper venue for the litigation of the claims set forth in the Complaint.

A. Venue is proper pursuant to 28 U.S.C §1391.

B. The choice of law provisions in the SLA (attached as **Exhibit C)**, the NCA (attached as **Exhibit D)**, and the CA (attached as **Exhibit F**) are consistent with this

Court being the proper venue.

## COMMON FACTUAL ALLEGATIONS

6. Genworks is in the business of licensing software and providing software related services.

7. "GDL Genworks" ("**GDL Software**") is an important product of Genworks. GDL combines aspects of a spreadsheet, a dynamic object-oriented programming language, a parametric computer aided design system, a web application server, and a knowledge-management system. **Exhibit B** is a website screen print that provides information about the GDL Software.

8. The copyright Registration attached as **Exhibit A** covers the software components that make up GDL.

9. GDL Software is licensed to customers on a proprietary basis ("**Proprietary GDL**") as well as on an open source basis ("**Open Source GDL**"). The Open Source GDL is sometimes marketed under the GENDL® or GENDL® PROJECT trademarks.

10. Defendants use of Proprietary GDL was subject to the SLA. **Exhibit C** is a true and accurate copy of the SLA.

A. Section 5.1(2) of the SLA does not allow the Defendant to "alter, modify, translate, reverse engineer, decompile, disassembly, macroexpand, or copy (except for the program backup copy) the program or the accompanying documentation, or otherwise attempt to discover the internal workings or any Trade Secrets contained within the Software."

B. Section 5.1(8) of the SLA prohibits the use of the program in a "commercial setting" when the license is "Academic".

C. Section 5.2 of the SLA states that "it is specifically forbidden, without express written consent from Genworks, to make use of a GDL installation licensed under this Agreement to convert code which has been developed at any time using an AGPL-licensed Gendl into closed-source binaries or applications."

D. Section 6 of the SLA does not allow the Defendant to "derive any financial benefit or commercial value, or authorize or permit any third party to derive any direct financial benefit or commercial value, in each case directly or indirectly, from such distribution or deployment."

11. Defendant personally executed a binding "Genworks Non-Disclosure/Non-Compete Agreement" ("**NCA**") with Genworks on December 13. 2009. A true and accurate copy of the NCA is attached as **Exhibit C**.

A. Section 1 of the NCA provides that "[a]ny information received by Recipient from Genworks which is not otherwise marked or labelled, shall be considered as 'Proprietary' and 'Trade Secret' and shall be covered by the terms of this Agreement.

B. Section 3 of the NCA requires that the Defendant "refrain from using the Information [about the Genworks Software] in any manner or for any purpose which can be considered as competitive with Genworks".

C. Section 4 of the NCA requires that the Defendant "contribute any useful results or derivations from the Information [about the Genworks Software] back to Genworks".

12. Defendant accepted the terms and conditions of the AGPL when he utilized the Open Source GDL. A true and accurate copy of the AGPL is attached as **Exhibit D**.

A. AGPL is a copyleft license.

B. Section 6 of the AGPL license requires that Defendant publish the source code of any derivative work created by the Defendant using Open Source GDL.

C. Section 10 of the AGPL prohibits Defendant from charging a license fee for the distribution of any derivative work of Open Source GDL.

13. Defendant is selling licenses to third parties of a software product that he refers to as ParaPy (the "**Derivative Works**").

14. Genworks has put Defendant on notice of how the Defendant's conduct has made the Defendent liable under various causes of action.

15. Defendant has refused to cease and desist from the liability-inducing conduct.

## COUNT I - COPYRIGHT INFRINGEMENT

16. Genworks incorporates by reference paragraphs 1-15 as if fully set forth herein.

17. Genworks owns the copyright to the GDL Software. Those copyrights have been registered at the U.S Copyright Office. Evidence of that Registration is attached as **Exhibit A**.

18. Defendant has made Derivative Works of the GDL Software.

19. Defendant is distributing Derivative Works derived from the GDL Software.

20. Defendant is charging customers a license fee to use the Derivative Works.

21. Defendant's conduct is not authorized by Genworks.

22. At all relevant times, Genworks has been the holder of the pertinent exclusive rights infringed by the Defendant.

23 Defendant has been put on notice that Defendant's conduct is contrary to the

Registration held by Genworks.

24. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Genworks.

25. As a result of Defendant's infringement of the exclusive rights of Genworks under copyright, Genworks is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

26. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Genworks great and irreparable injury that cannot fully be compensated or measured in money. Genworks has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Genworks is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all Derivative Works developed through use of the GDL Software.

**COUNT II: BREACH OF CONTRACT**

27. Genworks incorporates by reference paragraphs 1-26 as if fully set forth herein.

28. Defendant entered into certain Contracts with Genworks. Those Contracts are attached as **Exhibits C – F**.

29. Defendant breached his obligations under the Contracts.

A. Defendant breached the SLA by creating a Derivative Work that is being licensed in competition with the GDL Software.

B. Defendant breached the NCA by creating a Derivative Work that is

being licensed in competition with the GDL Software.

C. Defendant breached the AGPL by creating a Derivative Work for which third parties are charged a license fee.

D. Defendant breached the CA by failing to assign an ownership interest to the Derivative Work to Genworks.

30. Genworks has suffered monetary damages as a result of Defendant's conduct.

31. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Genworks great and irreparable injury that cannot fully be compensated or measured in money.

## COUNT III: TORTIOUS INTERFERENCE

31. Genworks incorporates by reference paragraphs 1-30 as if fully set forth herein.

32. Defendant has wrongfully interfered with the business interests and expectations of Genworks by improperly using the GDL Software to create Derivative Works that compete against the GDL Software.

33. Genworks has suffered monetary damages as a result of Defendant's conduct.

34. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Genworks great and irreparable injury that cannot fully be compensated or measured in money.

## COUNT IV: PROMISSORY ESTOPPEL/RELIANCE

35. Genworks incorporates by reference paragraphs 1-34 as if fully set forth herein.

36. Defendant made certain representations to Genworks in order to induce Genworks to disclose Proprietary GDL and other confidential information to Defendant.

37. Genworks relied upon those representations.

38. Defendant failed to honor his representations in creating the Derivative Works.

39. Defendant failed to honor his representations in marketing the Derivative Works to third parties.

40. Genworks has been damaged in the marketplace as Defendant has created Derivative Works to compete against the GDL Software.

41. Genworks has suffered monetary damages as a result of Defendant's conduct.

42. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Genworks great and irreparable injury that cannot fully be compensated or measured in money.

**COUNT V: UNJUST ENRICHMENT/RESTITUTION**

43. Genworks incorporates by reference paragraphs 1-42 as if fully set forth herein.

44. Defendant has unjustly utilized access to the GDL Software to create Derivative Works that are being licensed to third parties in exchange for licensing fees and other consideration.

45. It would be unjust for the Defendant to retain those benefits.

46. Genworks has suffered monetary damages as a result of Defendant's conduct.

47. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Genworks great and irreparable injury that cannot fully be compensated or measured in money.

**COUNT VI: UNFAIR COMPETITION**

48. Genworks incorporates by reference paragraphs 1-47 as if fully set forth herein.

49. Defendant is utilizing illicit Derivative Works created from his access to the GDL Software to compete against the GDL Software marketed by Genworks.

50. Genworks has suffered monetary damages as a result of Defendant's conduct.

51. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Genworks great and irreparable injury that cannot fully be compensated or measured in money.

**COUNT VII: TRADE SECRET MISAPPROPRIATION**

52. Genworks incorporates by reference paragraphs 1-51 as if fully set forth herein.

49. Genworks has developed confidential information about the GDL Software that has real economic value and it subject to reasonable efforts of secrecy.

50. The non-public information about the GDL Software constitutes trade secrets owned by Genworks.

51. The CSA required that the Defendant treat such trade secrets in a confidential

manner. The CSA prohibited the Defendant from utilizing those trade secrets for the commercial benefit of the Defendant.

52. The creation of Derivative Works of the GDL Software by the Defendant involved the misappropriation of trade secrets owned by Genworks.

53. The distribution of Derivative Works of the GDL Software by Defendant constitutes a misappropriation of those trade secrets.

54. Genworks has suffered monetary damages as a result of Defendant's conduct.

55. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Genworks great and irreparable injury that cannot fully be compensated or measured in money.

## DEMAND FOR A JURY TRIAL

Genworks hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Genworks respectfully requests the following relief:

A. Entry of an order that includes the following:

1. a finding that the Defendant has infringed the copyright identified in the Registration;

2. a permanent injunction providing that Defendant may not import the software currently named "ParaPy" into the states and territories of the United States.

B. Judgment in favor of Genworks and against the Defendant:

1. a finding that Defendant willfully infringed the rights of Genworks in its federally registered copyright pursuant to 17 U.S.C. §501, and that Defendant's liability to Genworks for actual damages, lost profits, and/or statutory damages is at least $150,000;

2. a finding that Defendant breached the Contracts and caused injuries to Genworks in an amount that is at least $150,000;

3. a finding that Defendant is liable to Genworks on the basis of tortious interference, promissory estoppel/reliance, unjust enrichment/restitution, unfair competition, and trade secret misappropriation in an amount that is at least $150,000;

4. For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all of Defendant's Derivative Works;

5. For Judgment in favor of Genworks and against Defendant awarding attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action to Genworks.

[space intentionally inserted]

6. For Judgment in favor of Genworks against Defendant, awarding Genworks such further declaratory and injunctive relief as may be just and proper under the circumstances.

DATED: August 22, 2016

Respectfully submitted,

**Plaintiff: Knowledge Based Solutions**

By: s/ Christopher J. Falkowski
Christopher J. Falkowski (P57019)
FALKOWSKI PLLC
50064 Drakes Bay Drive
Novi, MI 48374
Phone (248) 893-4505 x1
Fax (248) 412-4078
E-Mail: chris@falkowskipllc.com